## Garden Amusement v. Wilkes-Barre Local No. 325

*Miner Aylesworth*, for plaintiffs.

*Daniel J. Flood, James L. Brown, Joseph V. Kasper,* for defendants.

PINOLA, J., February 22, 1955.—Defendants have filed a motion to strike off plaintiffs' bond and preliminary objections to the complaint in the nature of a demurrer.

Plaintiffs filed their complaint on June 25, 1954, and a rule to show cause why an injunction should not be issued was made returnable June 30, 1954. Preliminary objections to the complaint were filed on the latter date. After a hearing, Valentine, P. J., on July 7, 1954, awarded a preliminary injunction to become effective upon the filing of a bond in the amount

of $500. No disposition was made of the preliminary objections.

We will consider first the motion to strike off the bond.

Plaintiffs filed a bond with individual surety which contained no reference to the surety's record of title as required by local rules. On August 5, 1954, in a decision of Valentine, P. J., disposing of a citation for contempt and a motion to dissolve the injunction, he gave plaintiffs an opportunity to furnish the record reference of title. It now appears that title to the surety's property was held by the surety and his wife. Whereupon, defendants on August 9, 1954, filed a motion to strike plaintiffs' bond. The answer to the motion admits the facts therein and further alleges a reconveyance of the property in question to the surety individually, but that the reconveyance had not been recorded. Plaintiffs now seek to substitute the bond of a corporate surety, to which objection is made that it is not conditioned for the payment of reasonable costs and attorney's fee as set forth in sections 10 and 17 of the Labor Anti-Injunction Act of June 2, 1937, P. L. 1198, 43 PS §§206$j$ and 206$q$.

The pertinent part of section 10 reads as follows:

"No temporary restraining order or temporary injunction shall be issued in any case involving or growing out of a labor dispute, except on condition that complainant shall first file an undertaking with adequate security, in an amount to be fixed by the Court, sufficient to recompense those enjoined for any loss, expense or damage caused by the improvident or erroneous issuance of such order or injunction, including all reasonable costs (together with a reasonable attorney's fee), and expense of defense against the order, or against the granting of any injunctive relief sought in the same proceeding and subsequently denied by the Court."

And section 17 is as follows:

"Upon denial by the Court of any injunctive relief sought in an action involving or growing out of a labor dispute, the Court shall order the complainant to pay reasonable costs and expenses of defending the suit and a reasonable counsel fee."

It is obvious that unless the cause before the court involves or grows out of a labor dispute, the sections cited can have no application. We must, therefore, determine the existence or nonexistence of that fact.

In paragraph 4 the complaint alleges:

"None of the employes of the plaintiffs are members of the defendant union."

And in paragraph 5 plaintiffs declare:

"No labor dispute exists between the plaintiffs and defendants, there being no controversy over wages or hours, or terms or conditions of employment."

Section 3(c) of the Labor Anti-Injunction Act of 1937, 43 PS §206c, provides:

"The term 'labor dispute' includes any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment or concerning employment relations or any other controversy arising out of the respective interests of employer and employe, regardless of whether or not the disputants stand in the proximate relation of employer and employe, and regardless of whether or not the employes are on strike with the employer."

This section was construed in Dorrington et al. v. Manning et al., 135 Pa. Superior Ct. 194. The court declared, page 205:

"Although the definition of 'labor dispute', as used in our Act, is comprehensive and should be given a broad interpretation, consistent with the purposes of the Act as set forth in section 2, it seems manifest

that a dispute is not a labor dispute unless the controversy is over 'terms or conditions of employment', or 'the association or representation of persons in negotiating . . . or seeking to arrange terms or conditions of employment . . ., as defined in paragraph (c) of section 3 of the Act. No one would say that a dispute between two employes of the same employer over a right of way, division line of property, or some other private matter would be a labor dispute, because terms or conditions of employment would not be involved. So, here, there was no controversy concerning the terms or conditions of employment. That matter, so far as the record shows, had been completely settled by the execution of the collective bargaining agreement on May 23, 1937. This contention grew out of the plaintiffs' endeavoring to get into a union, under an agreement, while the union is trying to keep them out. There was no dispute as to what group should represent the employes for the purpose of collective bargaining; nor, in view of the defendant's unwarranted refusal to admit plaintiffs into membership, could defendants' action in forcing the employer to discharge the plaintiffs have had for its purpose the employment of none other than members of the defendant association. We can but conclude, therefore, that under the facts before us this was not a 'labor dispute' within the provisions of our statute."

And in Ralston et al. v. Cunningham et al., 143 Pa. Superior Ct. 412, the court, after referring to Dorrington v. Manning, supra, declared, page 420:

"In the present case there is no question as to which labor union should be the bargaining agent of the employes. There is no dispute as to wages or hours, or as to terms or conditions of employment as such words are used in the statute. The fact that an employer and employe, or a union and an employe, are involved in a case does not prevent the Court from

assuming jurisdiction. The Act of June 2, 1937, P. L. 1198, as amended by the Act of June 9, 1939, P. L. 302, 43 PS §206*a* et seq., merely provides, in effect, that, in any case involving or growing out of a labor dispute, the court shall not have the power to issue injunctions to prohibit the particular acts specified in sections 6 and 7 of the Act, 43 PS §§206*f*, 206*g*. Main Cleaners and Dyers, Inc., v. Columbia Super Cleaners, Inc., et al., 332 Pa. 71, 75, 2 A. 2d 750. The instant case is the result of a difference of opinion as to the construction of a contract which apparently settled a labor dispute. The controversy involves and grows out of this contract, and in no way involves or grows out of a labor dispute, as contemplated and defined in the Act of June 2, 1937, P. L. 1198, as amended by the Act of June 9, 1939, P. L. 302, 43 PS 206*a* et seq."

For the reasons stated, a petition for the allowance of counsel fees was refused: Ralston et al. v. Cunningham et al., 143 Pa. Superior Ct. 421.

We are constrained to reach the same conclusion. In the instant case the controversy is not over "terms or conditions of employment", or "the association or representation of persons in negotiating . . . or seeking to arrange terms or conditions of employment" . . . as defined in paragraph (*c*) of section 3 of that act. Here we have only one employe operating a motion picture machine under a State-issued license who does not belong to any union. There is no controversy between him and his employer, and no association assumes to represent him in negotiating or seeking to arrange terms or conditions of employment.

Since the controversy does not involve a labor dispute, it is unnecessary that the bond be conditioned for the payment of reasonable costs and counsel fees. We, therefore, deny the motion to strike and herewith approve the corporate surety bond substituted.

While five preliminary objections were filed to the complaint in the nature of a demurrer, the second was withdrawn, leaving for consideration the following:

"1. The pleadings reveal that a labor dispute is involved.

"3. The complaint fails to allege 'that the public officers charged with the duty to protect complainant's property are unable to furnish adequate protection'.

"4. The complaint fails to allege 'that every reasonable effort to settle this labor dispute either by negotiation or with the aid of governmental machinery was made'.

"5. No verified bill of particulars specifying in detail the time, place, and the nature of the act complained of and the names of the persons alleged to have committed the same or participated therein has been filed."

Contrary to the statement of defendants in objection 1, the pleadings reveal, as we have concluded, that there is no labor dispute involved. Therefore objection 1 is without foundation.

Objections 3 and 5 are based upon the requirements of section 206$i$, which concerns only cases involving or growing out of labor disputes, and objection 4 is based upon the requirements of section 206$k$, which also concerns only cases involving or growing out of labor disputes.

Having concluded that the complaint reveals no labor dispute, we must dismiss the preliminary objections.

Accordingly, we enter the following

*Order*

The motion to strike the bond is denied, the preliminary objections are dismissed and defendants are required to file their answer within 20 days.